JOSEPH SUKIS & another *vs.* WILLIAM I. KARP & another.

Suffolk.    March 9, 1928.— May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Broker*, Commission.    *Contract*, Construction.

An owner of real estate hired a broker to procure an exchange of his real estate for real estate owned by another, and, after the parties had signed an agreement in writing for the exchange, made an agreement under seal with the broker, "in consideration of services performed by" the broker, to assign to him a certain mortgage which the second owner was to assign to the first owner as part of the exchange, the acceptance of which by the broker should be "a full release and discharge of all and any claims . . .. for real estate commission." The second owner failed to carry out the exchange. *Held*, that the broker could not recover a commission from the first owner, since the agreement between them did not show an intent or promise on his part to pay the broker in any manner other than by an assignment of the mortgage.

CONTRACT by real estate brokers for a commission. Writ in the Municipal Court of the City of Boston dated July 3, 1925.

The trial judge found for the plaintiff in the sum of $800 and reported the action to the Appellate Division. Material

evidence and a ruling refused by the trial judge are set forth in the opinion. The report was ordered dismissed, and the defendants appealed.

The case was submitted on briefs.

*S. Brenner*, for the defendants.

*F. J. Kalinauskas & C. J. Kalinauskas*, for the plaintiffs.

PIERCE, J.    This, an action of contract, comes before this court on appeal from an order "Report dismissed" of the Appellate Division of the Municipal Court of the City of Boston. The material facts disclosed by the report in substance are as follows: The defendants engaged the plaintiffs to procure an exchange of real estate owned by them on Shawmut Avenue and West Concord Street, Boston, Massachusetts, for real estate owned by Elenora Saukles on Bolton Street, South Boston, Massachusetts. On June 3, 1925, the defendants and Mrs. Saukles signed an agreement for the exchange of their properties which was drafted by the attorney for Mrs. Saukles. This agreement, as well as another of like tenor, in substance provides for the conveyance of the property owned by the defendants on Shawmut Avenue and West Concord Street to Elenora Saukles subject to certain mortgages; that upon conveyance of the property of the defendants Elenora Saukles shall pay a sum of money in cash, shall convey land and buildings on Bolton Street subject to a mortgage, shall assign two first mortgages, one on property situated on C Street, South Boston, and "the other for $800 . . . on property situated at 220 Athens Street, So. Boston." The agreement further provides for the payment of a balance by note secured by mortgage on the first mentioned premises, and that "This agreement shall be performed by the parties concurrently on or before June 15, 1925 at 12 o'clock M. at the Suffolk Registry of Deeds."

On the same day the defendants executed and delivered to the plaintiffs a sealed instrument in the terms which follow. "In consideration of Services performed by Joseph Sukis and Walter Jakstis, both of Boston, Mass., in obtaining a purchaser, one Elenora Saukles, for the purchase of property belonging to us, said property situated at 474–478 Shawmut Ave. and 80–86 W. Concord Street, Boston, Mass., we prom-

ise to assign to the said Joseph Sukis and Walter Jakstis a first mortgage for $800. on property situated at 220 Athens Street, So. Boston, Mass. which mortgage we are to receive from the above-mentioned Elenora Saukles on or before June 15, 1925, at which time said assignment and transfer shall be made. The acceptance of such mortgage of $800. by said Sukis and Jakstis shall be a full release and discharge of all and any claims that the said Morris Rogers, S. Cohen and Mr. Damon, J. Sukis and W. Jakstis may have against us, William I. Karp and H. S. Liner for real estate commission."

On June 15, 1925, when the parties and their attorneys met at the registry of deeds, it was learned that about three minutes before the hour set for passing title, Damon and Cohen, two of the parties mentioned in the above quoted sealed instrument, caused the premises of the defendants to be attached in an action to recover "a commission as brokers in this very transaction." At the same time it became known that "Mrs. Saulkes did not have the premises that she was to convey to the defendants in her own name." It was then agreed that Mrs. Saukles would obtain a deed of the premises and the next morning, if the attachment were then dissolved, she would convey the title to the defendants. During the evening of June 15, 1925, the defendants personally notified Mrs. Saukles and her attorney of the dissolution of the attachment, and were assured by Mrs. Saukles and her attorney that they would be in the registry of deeds on the morning of June 16, 1925, about ten or eleven o'clock for the purpose of passing title. The dissolution of attachment was recorded about 9:30 A.M. June 16, 1925. The defendants waited until 11:30 A.M. and were then informed by the attorney for Mrs. Saukles "that the people were thinking the matter over, and if they did not appear at the registry by 12: M., the defendants needed [*sic*] not wait any longer." It was agreed at the trial "that neither the plaintiffs, nor Mrs. Saukles, nor her attorney appeared at the registry of deeds the next day," June 16, 1925. It appeared in evidence that the title to the property on Bolton Street was not recorded in the name of Elenora Saukles until July 21, 1925.

The entire trial was conducted by judge and counsel upon the assumption that the right of the plaintiffs, if any they had, was measured by the terms of the instrument under seal, above set out, and there is no evidence reported or facts found from which the terms of the original employment and the compensation to be paid therefor, if any was to be paid, can be ascertained.

The question for decision is: Does the covenant, when read in the light of the contemporaneous agreement for the exchange of the defendants' property, import a promise by them to pay the plaintiffs in money for their past services in procuring the agreement for exchange in case the defendants, through the wrong of Elenora Saukles and without fault on their part, were unable to have the agreement for exchange carried out or to obtain the assignment of the mortgage which Elenora Saukles agreed to assign them on or before June 15, 1925, in part payment of the consideration which she was to pay for the conveyance of the defendants' properties? We are of opinion the covenant properly construed does not show an intent or promise of the defendants to pay the plaintiffs in any manner other than by an assignment of the mortgage which Mrs. Saukles agreed to assign to them with the exchange of her property for the properties of the defendants. We are of the further opinion that the third requested ruling, namely, "If the court finds that the defendants never agreed to pay the plaintiffs any money for their commission, but that instead, if they made any agreement at all, it was to assign to the plaintiffs a mortgage for eight hundred (800) dollars yet to be obtained by them from the proposed purchaser and the transaction was never consummated, the plaintiff cannot recover in this action," should have been given in substance. The order "Report dismissed" is reversed, and judgment is to be entered for the defendants.

*So ordered.*